IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:07-cr-223-2 |
| | ) | |
| [2] HORACE R. NUNLEY | ) | JUDGE TRAUGER |
| | ) | |

## ORDER

The detailed background of this case has been recited repeatedly by both this court and the United States Court of Appeals for the Sixth Circuit. As relevant to the pending motions, the background is as follows.

On June 1, 2010, the court accepted the defendant's guilty plea to one count of possession with intent to distribute and distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 165.) As part of the plea agreement, the defendant admitted the amount of crack cocaine for which he was responsible was at least 150 grams but less than 500 grams. (ECF No. 165, at 12–13.) He also admitted that he was a Career Offender for sentencing purposes, because he was at least eighteen years old at the time of the offense to which he pleaded guilty, the offense of conviction was a felony controlled substance offense, and he had at least two prior felony controlled substance convictions. (ECF No. 165, at 13–14.) The parties agreed that the defendant's Career Offender status led to a base offense level of 32, and further agreed to certain reductions leading to a recommended offense level of 29. (ECF No. 165, at 14.) The United States agreed to a sentence of 151 months in prison, which was the bottom of the applicable guideline range. (ECF No. 165, at 18.) On June 17, 2010, the court sentenced the defendant to 151 months. (ECF No. 172.) The defendant waived his right to appeal or collaterally attack his sentence, with few exceptions, including claims of ineffective assistance of counsel. (ECF No. 165, at 20–21.)

On March 31, 2011, the defendant filed his first motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, alleging that: (1) his attorneys were ineffective for failing to file an appeal as he requested; (2) his attorneys were ineffective because they were not aware of Amendment 706 to the Sentencing Guidelines; (3) his attorneys were ineffective for failing to object to flaws in the indictment; and (4) his attorneys were ineffective regarding whether the defendant was sentenced under Section 2D1.1 or Section 4B1.1 of the Guidelines. Motion, *Nunley v. United States*, No. 3:11-cv-00308 (M.D. Tenn. March 31, 2011). This court denied relief, noting with regard to the Sentencing Guidelines issue that, "[i]n any event, the court sentenced the movant based upon his status as a Career Offender, not based upon Section 2D1.1." *Nunley v. United States*, No. 3:11-cv-00308, at 12 n.1 (M.D. Tenn. Aug. 18, 2011) (Memorandum, Docket Entry No. 22). The defendant voluntarily dismissed his appeal from that decision. *Nunley v. United States*, No. 11-6041 (6th Cir. Jan. 30, 2012). On August 19, 2013, the defendant filed a "Memorandum of Law" raising new claims to collaterally attack his judgment, including a claim that his sentence was improper. Memorandum of Law, *Nunley v. United States*, No. 3:11-cv-00308 (M.D. Tenn. Aug. 19, 2013). This court found that it lacked jurisdiction over the second or successive § 2255 petition, *Nunley v. United States*, No. 3:11-cv-00308 (M.D. Tenn. Sept. 23, 2013), and the Sixth Circuit denied authorization to proceed on the second or successive petition. *In re: Horace R. Nunley*, No. 13-6442 (6th Cir. Sept. 2, 2014).

Having encountered a dead-end with his efforts under § 2255, four months later the defendant filed a petition for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in this action, asserting that he was entitled to a sentence reduction pursuant to Amendment 750 of the Sentencing Guidelines. (ECF No. 262.) This court construed the motion to seek a reduction based on Amendment 782, among other grounds, and denied the motion on March 20, 2015. (ECF Nos. 263, 266.) The Sixth Circuit affirmed and spelled out that the defendant's sentence was based on his status as a Career Offender, rather than any sentencing guidelines pertaining

2

to drug quantities:

> Nunley's sentence was not "*based on* a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2) (emphasis added). To determine whether a sentence was based on a subsequently lowered range, we look to "'what the district court actually said and did at the original sentencing.'" *United States v. Hameed*, 614 F.3d 259, 264 (6th Cir. 2010) (quoting *United States v. Hargrove*, 628 F. Supp. 2d 241, 244 (D. Mass. 2009)). A sentence is not based on the cocaine-base guideline simply because the district court reviews the guidelines range under § 2D1.1 before imposing a sentence pursuant to the career-offender guideline. *Riley*, 726 F.3d at 759 n.1. Contrary to Nunley's arguments, the district court expressly noted that he was a career offender and sentenced him within the guidelines range applicable to that designation, even though it had reviewed the guidelines range applicable under § 2D1.1. During the sentencing hearing, the district court noted that "[t]he criminal history is a VI. It would be a V, but the defendant is a career offender. The resulting guidelines range is 151 to 188 months." In addition, as stated above, the parties' plea agreement made it clear that Nunley had agreed to the career-offender designation. Finally, the revised PSR recommended that Nunley was not eligible for relief based on Amendment 782 because he was sentenced as a career offender. Under these circumstances, it was clear that Nunley was ineligible for a sentence reduction based on Amendment 782 and that the district court found accordingly.

*United States v. Nunley*, No. 15-5425 (6th Cir. Feb. 2, 2016).

Not one to be deterred by law or logic, less than two months after that decision, the defendant filed the pending "Motion for Order of Judicial Notice" in this action. (ECF No. 275.) In the motion, he asserts that the involvement of over 150 grams of crack cocaine is what "qualified him for Base offense level 32 under 2009 version U.S.S.G. § 2D1.1(c)(4)," and that some unspecified provision of the later-enacted Fair Sentencing Act should be applied retroactively to reduce his sentence. (ECF No. 275.) Once again, the defendant was **NOT** sentenced based upon § 2D1.1, but based upon his status as a Career Offender. For that reason, as previously explained by both this court and the Sixth Circuit, the defendant's motion (ECF No. 275) is **DENIED**.

Meanwhile, the defendant has also filed in this action a "Motion Pursuant to Fed. R. Civ. P. 15(D)" (ECF No. 277), seeking to add several new claims of ineffective assistance of counsel to his previous § 2255 motion, and "Petitioner's Response to Government's Response" (ECF No. 279), in which he alleges that the government withheld exculpatory information to trick him

3

into pleading guilty and expressly asks the court for relief under § 2255. To the extent these submissions seek reconsideration of the court's previous denial of relief under § 2255, they are **DENIED**. To the extent they raise new claims for relief under § 2255, they constitute successive petitions for purposes of 28 U.S.C. §§ 2255(h) and 2244. Pursuant to § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In this circuit, if a second or successive habeas petition or motion to vacate is filed in the district court without the petitioner's having obtained authorization from the court of appeals to do so, the appropriate procedure is for the district court to transfer the file to the appellate court, which will construe the § 2255 motion as a request under § 2244(b)(3) for authorization to file the motion. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for writ of habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631.").

The Clerk of Court is therefore **DIRECTED** to **TRANSMIT** ECF Nos. 277 and 279 to the Sixth Circuit Court of Appeals to be considered as a motion under § 2244 for authorization to file a successive § 2255 motion. The Clerk **MUST** provide a copy of this order to the Sixth Circuit in connection with that transfer.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge